# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN HENRY STACKS,** : | CIVIL ACTION NO. 1:12-CV-0014 |
| : | |
| **Petitioner,** : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **RONNIE HOLT**, **WARDEN,** : | |
| : | |
| **Respondent** : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner John Henry Stacks ("Stacks"), a federal inmate incarcerated at the United States Penitentiary at Allenwood, Pennsylvania. Stacks is "challenging his detention on the grounds that: (1) he was denied his constitutional right to effective assistance of counsel at the trial level, in connection with trial preparation, the guilty plea process, and sentencing, and at the appeal level; (2) and he did not understand the plea colloquy at his guilty plea hearing." (Id. at 1.)

Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b)

**I.     Background**

On December 1, 2003, following a plea of guilty to a nine-count indictment charging him with conspiracy to possess with intent to distribute cocaine and cocaine base, conspiracy to commit bank robberies, carjacking, two counts of robbery, three counts of using a firearm in relation to a crime of violence and possession of a firearm by a convicted felon, Stacks was sentenced in the United States District Court for the Western District of North Carolina to an aggregated term of 919 months imprisonment.  (Doc. 1, at 2.)

A notice of appeal was filed on December 9, 2003.  On January 26, 2005, the United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence.  (See electronic docket, United States v. Stacks, United States Court of Appeals for the Fourth Circuit docket number 04-4307, Doc. 37, obtained *via* http://www.pacer.gov.)  Stacks filed a petition for writ of certiorari with the Supreme Court of the United States on September 5, 2005.  (Id.)  The petition was denied on April 17, 2006.  (Id.)

On April 16, 2007, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, in the United States District Court for the Western District of North Carolina.  (See electronic docket, Stacks v. United States, W.D. N.C. Civil Action No. 3:07-CV-0164, Doc. 1, obtained *via* http://www.pacer.gov.)  On September 9, 2010, a memorandum and order issued denying and dismissing the Section 2255 motion.  (Id. at Doc. 15.)  A timely appeal was sought.  (Id.)  On January 20, 2011, the appeal was dismissed.  (See electronic docket, United States v. Stacks, United

States Court of Appeals for the Fourth Circuit docket number 10-7356, Doc. 8 obtained *via* http://www.pacer.gov.) Stacks sought rehearing, which was denied. (Id. at Doc. 16.) The Mandate was issued on April 6, 2011. (Id. at Doc. 17.) Stacks filed a petition for writ of certiorari with the Supreme Court of the United States on May 9, 2011. (Id. at Doc. 20.) The petition was denied on June 13, 2011. (Id. at Doc. 21.)

The instant petition was filed on January 4, 2012. (Doc. 1.)

**II.   Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings

3

render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971).

Although petitioner's claim falls within the purview of § 2255, there is no indication in the record that he sought permission to file a second or successive § 2255 motion as required by 28 U.S.C. § 2244(b)(3)(A).  He has made no showing that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence.  Further, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.  Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      January 26, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN HENRY STACKS,** | : | CIVIL ACTION NO. 1:12-CV-0014 |
| **Petitioner,** | : | (Judge Conner) |
| v. | : | |
| **RONNIE HOLT**, **WARDEN,** | : | |
| **Respondent** | : | |

### **ORDER**

AND NOW, this 26th day of January, 2012, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the Court's Memorandum of the same date, it is hereby ORDERED that:

1. The motion to proceed in forma pauperis (Doc. 4) is GRANTED for the sole purpose of the filing of this action.

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

3. The Clerk of Court is directed to CLOSE this case.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge